# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

May 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

JAMES E. FARRAR,                          )
                                          )
      Plaintiff/Appellee,                )
                                          )
                                          )      Appeal No.
                                          )      01-A-01-9808-CH-00443
VS.                                       )
                                          )      Bedford Chancery
                                          )      No. 21,083
                                          )
MINNIE R. SEGROVES and                    )
ROLAND SEGROVES, Individually,            )
and as Executor of the Estate of          )
TOM SEGROVES,                             )
                                          )
      Defendants/Appellants.             )

APPEALED FROM THE CHANCERY COURT OF BEDFORD COUNTY
AT SHELBYVILLE, TENNESSEE

THE HONORABLE TYRUS H. COBB, CHANCELLOR

R. WHITNEY STEVENS, JR.
P. O. Box 428
Fayetteville, Tennessee 37334
      Attorney for Plaintiff/Appellee

VANESSA A. JACKSON
111 North Atlantic Street
Tullahoma, Tennessee 37388
      Attorney for Defendants/Appellants

AFFIRMED AND REMANDED

BEN H. CANTRELL
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
COTTRELL, J.

# O P I N I O N

This is an action to receive a credit on a note and deed of trust for payments made to the holder's husband/agent. The Chancery Court of Bedford County granted the relief requested. We affirm.

## I.

Minnie Segroves owned two parcels of property in Shelbyville. Charles Blackwell occupied one parcel, upon which he operated a business called Blackwell Sales and Tires. Ms. Segroves' husband, Tom Segroves, a real estate broker, handled the properties for her. On January 24, 1996 Tom Segroves negotiated a sale of the two parcels to James E. Farrar for $200,000. The contract stated that the sale was in consideration of $5,000 in earnest money and $195,000 to be paid at the closing. Mr. Farrar paid $5,000 in cash to Mr. Segroves.

The next day, Mr. and Ms. Segroves signed a warranty deed conveying the two parcels to Mr. Farrar. Mr. Segroves did not deliver the deed at that time, however, because the parties were still working out some details. Since Mr. Blackwell needed a place to move, Mr. Farrar offered to sell him another parcel of property Mr. Farrar owned. Mr. Farrar offered the property to Mr. Blackwell for $20,000 and worked out a way to have that $20,000 applied to the purchase price for the two lots Mr. Farrar bought from Ms. Segroves. All of the negotiations took place with Mr. Segroves, who acted as his wife's agent. She testified that "what Tom said was okay."

The record shows that Mr. Farrar signed a $200,000 note and deed of trust to Ms. Segroves on January 26, 1996. Mr. Segroves apparently also held these

documents until the deal with Mr. Blackwell was worked out. On February 1, 1996 Mr. Farrar deeded his other parcel to Mr. Blackwell, and Mr. Blackwell wrote a $1,000 check to Tom Segroves. Mr. Blackwell also signed a $19,000 note to Mr. Segroves and Mr. Farrar co-signed it. The parties met at the courthouse in Shelbyville and recorded the various deeds.

Shortly thereafter Tom Segroves became ill. He died in the summer of 1996. Mr. Farrar discovered that the note he gave Ms. Segroves had not been credited with the $25,000, and he asked the court for relief.

The chancellor found as a fact that the contract price for the two parcels of property was $200,000; that Mr. Farrar paid $5,000 as earnest money and it was not returned to him; and that Mr. Segroves agreed to let Mr. Farrar have a credit on the $200,000 note for the $20,000 sale of his lot to Mr. Blackwell. The chancellor decreed that Mr. Farrar could be made whole by giving him a $25,000 credit on the $200,000 note as of February 1, 1996.

## II.

The appellant asserts that the chancellor erred in allowing parol evidence to alter the terms of the note. *See Rush v. Chattanooga DuPont Employees' Credit Union*, 358 S.W.2d 333 (Tenn. 1962). The controversy in this case, however, is not over the terms of the note, but over the credits to be given to the balance owed on the note.

As to the $20,000 transaction with Mr. Blackwell, there can be no doubt that it took place subsequent to the date Mr. Farrar signed the note. Therefore, it could not be affected by the parol evidence rule, which prohibits evidence of agreements made prior to or contemporaneous with the execution of the note.

*Whelchel Co. v. Ripley Tractor Co.*, 900 S.W.2d 691 (Tenn. App. 1995).  A stronger case could be made about the $5,000 earnest money, which was paid before the execution of the note.  But the chancellor found that the parties apparently anticipated that the $5,000 would be returned to Mr. Farrar, and that due to Mr. Segroves' illness the money was not returned.  Therefore, the testimony did not vary the terms of the note.

III.

The appellant also contends that the estate of Tom Segroves was a necessary party to the proceedings below.  Rule 19.01 of the Tennessee Rules of Civil Procedure requires the joinder of all persons necessary to give complete relief to those already parties, and all persons claiming an interest in the subject of the action, if their interest or the interests of those already parties might be adversely affected.

The appellant argues that the effect of the chancellor's decree was to make the estate of Tom Segroves liable to Minnie Segroves for the $20,000 credit stemming from the Blackwell transaction.  (The $1,000 check and the $19,000 note were made payable to Tom Segroves.)

We disagree.  The only effect of the chancellor's decree was a finding that the consideration received by Tom Segroves from these transactions was received by him as the agent of Minnie Segroves.  As we view the proof, such a finding was inescapable.  Ms. Segroves testified that she left the transaction entirely in her husband's hands; whatever consideration he received she considered it paid to her because it was all theirs.  She said, "He just handled it and it was his as far as he's concerned."

Whether there are any obligations between Ms. Segroves and her husband's estate is a matter not decided in this case. We do not think the estate was a necessary party.

The judgment of the lower court is affirmed and the cause is remanded to the Chancery Court of Bedford County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
PATRICIA J. COTTRELL, JUDGE